IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

vs.                                          Case No.  4:91cr4048-WS
                                              Case No.  4:06cv49-WS/WCS

**KEVIN LOWERY,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Pending in this case is a motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255.  Doc. 77.  The United States filed a response.  Doc. 81.  Defendant filed a reply, doc. 82, and supplemental authority, doc. 84.

This is a firearms case enhanced by prior convictions.  Defendant was convicted of possession of a short barreled shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (count one) and possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), alleging three prior convictions (count two).  Doc. 1 (indictment).  He faced a 10 year statutory maximum sentence on both counts, but because he had qualifying prior convictions, he faced a minimum 15 year sentence and a maximum of life on count two pursuant to 18 U.S.C. § 924(e).  Due to the same prior convictions, his Guideline range was 262-327 months as an armed career criminal

pursuant to U.S.S.G. § 4B1.1.  Defendant was sentenced to 120 months on count one and 300 months on count two.  Defendant's § 2255 claim is that he should not have been sentenced to 300 months on count two as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 because the indictment did not mention 18 U.S.C. § 924(e) and the jury did not determine the prior criminal convictions necessary for such enhanced sentencing.

On August 14, 1998, Defendant filed a petition for writ of coram nobis.  Doc. 69.  The petition was deemed to be a first § 2255 motion and was summarily denied with prejudice.  Docs. 74 and 75.  If it was proper to treat this as a § 2255 motion, this would render the instant motion a successive motion.  See, Villenueva v. United States, 346 F.3d 55, 59-61 (2d Cir. 2003), cert. denied, 542 U.S. 928 (2004).  However, when the petition was deemed to be a § 2255 motion, this court did not give notice to Defendant as required by Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).[1]  Therefore, it would be inappropriate now to construe document 69 as a first § 2255 motion.  The instant motion should be deemed to be a first § 2255 motion.

---

[1] Castro held:

> The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

540 U.S. at 383, 124 S.Ct. at 792.

Case Nos. 4:91cr4048-WS and 4:06cv49-WS/WCS

That said, Defendant's claim is both untimely and is precluded by precedent from this circuit and the Supreme Court.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one year limitations period for filing a § 2255 motion.  The time runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255, ¶ 6(1)-(4).

Under § 2255 ¶ 6(1), the motion is clearly untimely.  Defendant's conviction was final on May 23, 1994, when certiorari was denied by the Supreme Court.  Lowery v. United States, 511 U.S. 1109, 114 S.Ct. 2107, 128 L.Ed.2d 667 (1994).  As Defendant's judgment became final before April 24, 1996 (the effective date of the AEDPA), he had a one year grace period from that date to file.  Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998).

It is also untimely under § 2255 ¶ 6(3), the only other section applicable here.  Defendant relies on Apprendi and its progeny.  Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

Case Nos. 4:91cr4048-WS and 4:06cv49-WS/WCS

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) (applying Apprendi to a sentence enhanced under state sentencing guidelines); United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (applying Apprendi and Blakely to the Federal Sentencing Guidelines).  These cases have not been made retroactive on collateral review and thus § 2255, ¶ 6(3) does not apply to render this motion timely.  McCoy v. United States, 266 F.3d 1245, 1247-1258 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002), *applying* Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (other citations omitted); Varela v. United States, 400 F.3d 864, 867-868 (11th Cir.), *cert. denied,* 546 U.S. 924 (2005).  *See also*, United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir.) ("[n]o circuit, . . . has yet to suggest that *Booker* is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will."), *cert. denied*, 545 U.S. 1127 (2005).[2]

As "the right asserted" has never been "made retroactively applicable to cases on collateral review," the one year was not commenced anew under the plain language of § 2255 ¶ 6(3).  *See also* Dodd v. United States, 545 U.S. 353, 358, 125 S.Ct. 2478, 2482, 160 L.Ed.2d 621 (2005) ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the

---

[2] In June, 2006, the Supreme Court granted certiorari in Burton v. Waddington, 126 S.Ct. 2352, 165 L.Ed.2d 278 (2006) to  determine whether Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) applies retroactively on post-conviction review.  The Court found that it could not address the question because the petitioner had failed to comply with the requirements of 28 U.S.C. § 2244(b), relating to second motions.  Burton v. Stewart, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied.").

Further, even if the motion had been timely filed, the claim is without merit. Blakely said:

> *Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

Blakely, 542 U.S. at 301, 124 S.Ct. at 2536, *quoting,* Apprendi (emphasis added). Defendant's supplemental authority, Cunningham v. California, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), a case decided on certiorari from a state direct appeal, repeated the same exception for prior convictions, citing Apprendi and the cases following. 127 S.Ct. at 860.

In James v. United States, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), it was argued that construing an attempted burglary as a "violent felony" raised Sixth Amendment issues under Apprendi. 127 S.Ct. at 1600. The Court rejected that argument, but also said in a footnote:

> To the extent that James contends that the simple fact of his prior conviction was required to be found by a jury, his position is baseless. James admitted the fact of his prior conviction in his guilty plea, and in any case, we have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes. *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

127 S.Ct. at 1600 n. 8. Likewise, our circuit continues to follow Almendarez-Torres. United States v. Gibson, 434 F.3d 1234 (11th Cir.), *cert. denied*, 126 S.Ct. 2911 (2006) (not unconstitutional to impose U.S.S.G. 4B1.1 career offender enhancements based upon prior convictions); United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

Case Nos. 4:91cr4048-WS and 4:06cv49-WS/WCS

> Though wounded, *Almendarez-Torres* still marches on and we are ordered to follow. We will join the funeral procession only after the Supreme Court has decided to bury it.

Gibson, 434 F.3d at 1247. In summary, no case from the Supreme Court or the Eleventh Circuit supports Defendant's claim.

**Conclusion**

For these reasons, it is **RECOMMENDED** that Defendant Kevin Lowery's motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc. 77, be **DENIED with prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on November 30, 2007.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:91cr4048-WS and 4:06cv49-WS/WCS